IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-21095
Summary Calendar
_____

CHARLES RAY COOPER,

Petitioner - Appellant

v.

GARY L JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION

Respondent - Appellee

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-2063)
_____
September 17, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Charles Ray Cooper, a Texas prisoner (#473763), appeals the

district court's order denying his petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  Cooper argues that his

trial counsel performed ineffectively by failing to file a timely

objection to the prosecution's peremptory strikes of black

venirepersons, allegedly in violation of Batson v. Kentucky, 476

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S. 79 (1986). After carefully reviewing the record and the briefs, we conclude that the judgment of the district court should be affirmed.

Cooper filed his habeas petition with the district court on June 20, 1996, nearly two months after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, which enacted the present 28 U.S.C. § 2254(d). The standard of review set forth in § 2254(d) accordingly governs this case. See Lindh v. Murphy, 117 S. Ct. 2059 (1997). Section 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The second clause of § 2254(d)(1) sets out the standard of review for mixed questions of law and fact. Mata v. Johnson, 99 F.3d 1261, 1267 (5th Cir. 1996), vacated in part on other grounds on rehearing, 105 F.3d 209 (5th Cir. 1997). Because effectiveness of counsel is a mixed question of law and fact, Strickland v. Washington, 466 U.S. 668, 698 (1984), we must decide whether the state court decision involved an "unreasonable

2

application" of clearly established law.  We have interpreted the "unreasonable application" standard to permit the grant of habeas relief "only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists." Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), cert. denied, 117 S. Ct. 1114 (1997).

The Court of Appeals for the First District of Texas considered Cooper's ineffective assistance claim and determined that it was without merit.  The court reasoned that Cooper had failed to meet the prejudice prong of the test for ineffective assistance established in Strickland, 466 U.S. at 694. Specifically, the state court reviewed the evidence and concluded that Cooper had failed to show a reasonable probability that the result of his trial would have been different absent his counsel's failure to preserve for review the prosecution's use of peremptory strikes to exclude black venirepersons from the jury. This decision is neither contrary to, nor involves "an unreasonable application of[ ] clearly established Federal law, as determined by the Supreme Court of the United States."

The judgment of the district court is AFFIRMED.